OPINION
{¶ 1} Appellant, Mark A. Havel, appeals from the June 1, 2005 judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, which granted appellant and appellee, Karen L. Havel, a divorce as well as made certain orders regarding division of marital property and debts.
 {¶ 2} On June 14, 2004, appellee filed a complaint for divorce against appellant, which included requests for spousal support and other equitable relief.[1] Also, on June 14, 2004, appellee filed an ex parte motion for a temporary restraining order against appellant which was granted by the trial court. On July 7, 2004, appellant filed an answer, a motion to dismiss the divorce complaint, and an "Objection To Ex Parte Judgment Entry For Temporary Restraining Order."[2]
 {¶ 3} A hearing was held before the magistrate on July 26, 2004.
 {¶ 4} On September 1, 2004, appellant filed a "Motion For Summary Judgment For Dismissal Of Divorce Complaint," and a "Motion For Summary Judgment For Dismissal Of Ex Parte Temporary Restraining Order." On October 8, 2004, appellant filed a motion to dismiss the divorce complaint and a "Motion To Release Restraining Order."
 {¶ 5} Pursuant to his October 12, 2004 order, the magistrate determined that appellant's motion to dismiss the divorce complaint and his objection to the restraining order were not well-taken and, thus, overruled.
 {¶ 6} On February 28, 2005, appellant filed a motion for joint counseling and a motion for the psychological evaluation of appellee. Both motions were denied pursuant to the magistrate's March 4, 2005 order.
 {¶ 7} A trial was held before the magistrate on March 30, 2005, through March 31, 2005.[3]
 {¶ 8} Pursuant to the magistrate's April 28, 2005 decision, the parties stipulated that they lived separate and apart without interruption for one year; they entered into an agreement on all issues in open court; the parties and counsel reviewed the audio tape which included the parties' in-court review of the agreement; the magistrate determined that appellee was entitled to a divorce; that the agreement of the parties is adopted and should be incorporated into a judgment entry of divorce; that upon expiration of the objection period as outlined in Civ.R. 53, appellee's attorney should prepare and submit a judgment entry of divorce consistent with the agreement and the decision; court costs should be spilt between the parties; all pending motions not specifically disposed of were dismissed; and all restraining orders were terminated.
 {¶ 9} On May 9, 2005, appellant filed a motion which included his objection to the magistrate's decision, a brief supporting his opposition, and a proposed judgment entry.[4] Appellant filed an amendment to the proposed judgment entry on May 11, 2005, regarding the labeling of paragraph "K." Pursuant to its May 13, 2005 judgment entry, the trial court dismissed appellant's May 9, 2005 pleading for failure to sign in violation of Civ.R. 11.
 {¶ 10} On May 16, 2005, appellee submitted a proposed judgment entry of divorce pursuant to the magistrate's April 28, 2005 order. On May 19, 2005, the trial court adopted the magistrate's April 28, 2005 decision. On May 25, 2005, appellant signed and re-filed his objection, brief, and proposed judgment entry, which were denied by the trial court as being untimely under Civ.R. 53 on June 1, 2005. Also, on June 1, 2005, appellee filed a "Revised Notice Of Submission Of Judgment Entry."[5]
 {¶ 11} Pursuant to its June 1, 2005 judgment entry, the trial court ordered the following: appellee be granted a divorce from appellant; neither party should pay to or receive from the other spousal support; appellee should receive parcels one and three, the Moseley Road property and residence, and the Trumbull Road property; appellee should be solely responsible for the mortgage on the Moseley Road property; appellee should retain possession and title to her vehicle and the Cub Cadet tractor; appellant should retain possession of the 1988 Ford F150, 1997 URAL XTB, 1988 BMW KLT, 1974 Norton, and 1952 Matchless; the 1979 Honda CB750F and the 1965 Royal Enfield should be or already have been gifted to their son, Dustin; any pensions, retirement accounts, annuities, IRA's, and/or profit sharing accounts should remain the separate property of each party; appellee should remit to appellant the sum of $120,000 for his share of the marital estate by December 31, 2005; each party should be responsible for his or her own debt incurred after their separation; appellee would be responsible for the Sallie Mae student loan debt, the 2001 federal tax liability, the equity line of credit with Northwest Financial, and real estate tax liabilities; each party should pay their own attorney fees; and each party should pay the costs of the proceeding equally.[6] It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 12} "[1.] It was an abuse of discretion for the trial court to dismiss and deny [appellant's] objections, brief and proposed terms.
 {¶ 13} "[2.] The trial court abused its discretion in dismissing [appellant's] objections, brief and proposed terms under Local Court Rule 18.
 {¶ 14} "[3.] The trial court abused its discretion in accepting a judgment entry which did not reflect the in-court agreement."
 {¶ 15} In his first assignment of error, appellant argues that the trial court abused its discretion by dismissing and denying his objections, brief, and proposed judgment entry. Appellant alleges that his failure to sign the original May 9, 2005 pleading and to serve it on opposing counsel were an oversight and that his signed amendment filed on May 11, 2005, should have been satisfactory.[7] He also contends that his May 25, 2005 corrected objection pleading should not have been denied by the trial court as being untimely under Civ.R. 53. Appellant stresses that there was no unnecessary delay caused by the late filing.
 {¶ 16} The term "abuse of discretion" infers more than an error of law or judgment; it suggests that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, a trial court's determination will not be disturbed on appeal. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." In re Jane Doe 1 (1990), 57 Ohio St.3d 135, 137-138, citing Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 17} Civ.R. 5(A) states in part: "* * * every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. * * *"
 {¶ 18} Civ.R. 11 provides in part: "* * * [a] party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. * * *"
 {¶ 19} In the case at bar, appellant's May 9, 2005 pleading did not comply with either Civ.R. 11, since it was not signed by appellant, or Civ.R. 5, because it was never served upon opposing counsel. Although appellant's May 11, 2005 amendment regarding the labeling of paragraph "K" was signed by him, it was never served upon appellee's representative. Thus, it too failed to comply with the Ohio Rules of Civil Procedure and is not cured by Civ.R. 15. On May 13, 2005, the trial court properly denied appellant's May 9, 2005 pleading for failure to comply with the Ohio Rules of Civil Procedure. We cannot conclude that the trial court abused its discretion in dismissing appellant's May 9, 2005, or May 11, 2005 objections to the magistrate's decision, due to his procedural failure with the Ohio Rules of Civil Procedure. Brown v. Brown, 11th Dist. No. 2001-L-051, 2002-Ohio-4364, at ¶ 35-38.
 {¶ 20} Again, on May 16, 2005, appellee submitted a proposed judgment entry of divorce pursuant to the magistrate's April 28, 2005 order. On May 19, 2005, the trial court adopted the magistrate's decision. On May 25, 2005, appellant signed, added a paragraph that opposing counsel received a hand-delivered copy, and re-filed his objection, brief, and proposed judgment entry, which were denied by the trial court as being untimely under Civ.R. 53. Here, appellant's May 25, 2005 objection to the magistrate's April 28, 2005 decision was clearly untimely since it was not filed within fourteen days of the magistrate's decision pursuant to Civ.R. 53. Appellant's first assignment of error is without merit.
 {¶ 21} In his second assignment of error, appellant contends that the trial court abused its discretion in dismissing his objections, brief, and proposed terms contrary to Lake County Loc.R. 18. Appellant stresses that there was no opportunity to submit objections under the local court rules.
 {¶ 22} Lake County Loc.R. 18.01 provides in part:
 {¶ 23} "(A) The Court may order or direct either counsel orpro se litigant to prepare the Judgment Entry. If the Court orders counsel or pro se litigant to prepare the Judgment Entry, it shall be submitted to the Court within a reasonable time, not to exceed twenty-one (21) days after the date of the Judge's hearing or the filing of the Order adopting or modifying the Magistrate's Decision. Prior to submission to the Court, the Judgment Entry shall be submitted to opposing counsel or pro se
litigant for signature.
 {¶ 24} "(1) Signatures: It is the responsibility of all counsel of record or pro se litigant to sign the Judgment Entry if accurate. * * * If any Judgment Entry is presented to the Court without the signatures of counsel or pro se litigant, a Certificate of Service to the Court documenting the date that the Judgment Entry was served on opposing counsel or pro se
litigant must accompany the Judgment Entry. The Entry shall not be submitted to the Court until seven (7) business days have passed from the date on the certificate of service.
 {¶ 25} "(2) Rejection of Judgment Entry: In the event of a rejection of the Judgment Entry, opposing counsel or pro se
litigant shall file objections within five (5) business days of receipt of the proposed Judgment Entry and shall serve copies of the same on opposing counsel or pro se litigant, and the matter shall be set for hearing as the Court docket permits. * * *"
 {¶ 26} In the case sub judice, again, appellant failed to submit appropriate and timely objections to the magistrate's April 28, 2005 decision. On May 19, 2005, the trial court adopted the magistrate's decision and ordered appellee to submit a judgment entry of divorce by June 9, 2005. The record reveals that the proposed judgment entry of divorce was forwarded to appellant on May 2, 2005. The judgment entry of divorce was submitted to the trial court on May 16, 2005, after not receiving any appropriate objection to the proposed document within the proscribed seven day period pursuant to Lake County Loc.R. 18.01(A)(1). Due to clerical confusion with the clerk of courts, appellee re-submitted the exact same judgment entry for the trial court's adoption on June 1, 2005. Appellee complied with Lake County Loc.R. 18.01(A)(2) by providing appellant well over the five business day requirement to properly address his rejection of the proposed judgment entry of divorce. Appellant's second assignment of error is without merit.
 {¶ 27} In his third assignment of error, appellant alleges that the trial court abused its discretion in accepting the judgment entry of divorce submitted by appellee because it did not reflect the in-court agreement of the parties.
 {¶ 28} As previously stated, appellant filed a partial transcript of the trial proceeding with this court on June 29, 2005, with his notice of appeal. He did not file it with his May 2005 objections to the magistrate's April 28, 2005 decision. Thus, the trial court was not afforded the opportunity to examine the testimony from the March 2005 hearing.
 {¶ 29} Civ.R. 53(E)(3)(c) requires any objection to a finding of fact to be supported by "a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The objecting party bears the burden of submitting the transcript or affidavit to the trial court. Walter v. Newsome, 11th Dist. No. 2002-P-0019, 2003-Ohio-4723, at ¶ 20.
 {¶ 30} Pursuant to Civ.R. 53(E)(4)(a), the trial court reviewed the magistrate's decision and found no error of law or other defect on the face of the decision. We agree with the trial court. Our review of the magistrate's decision reveals that it was legally sufficient, adequately detailed, and contained no obvious errors on its face. Because appellant cannot demonstrate error, his third assignment of error is without merit.
 {¶ 31} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
O'Neill, J., Grendell, J., concur.
[1] The complaint indicated that two children were born as issue of the marriage, to wit: Dustin D. Havel ("Dustin"), d.o.b. February 3, 1982, and Jessie D. Havel ("Jessie"), d.o.b. July 10, 1980. Dustin is emancipated and Jessie is deceased.
[2] Appellant was pro se throughout the trial court proceedings.
[3] On June 29, 2005, appellant filed with this court a partial transcript of the trial from March 31, 2005.
[4] Appellant did not file the partial transcript of the hearing before the magistrate with his objections to the trial court. Again, appellant filed the partial transcript with this court on June 29, 2005, with his notice of appeal.
[5] This revised notice was filed due to a clerical error and apparent confusion with the clerk of courts.
[6] Appellant did not sign the judgment entry of divorce.
[7] Appellant did not serve the amendment upon opposing counsel nor did he attach a certificate of service.